IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-187-FL-2
No. 5:12-CV-336-FL

| | | |
|---|---|---|
| CHRISTIAN TOBIAH MURRAY, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on the government's motion to dismiss ("Gov't's Mot.") [DE-131] Petitioner Christian Murray's ("Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("Pet'r's Mot.") [DE-123]. Petitioner asserts his sentence was erroneously enhanced and he is no longer a career offender in light of the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Mem. in Supp. of Mot. to Vacate under 28 U.S.C. § 2255 ("Pet'r's Mem.") [DE-124]. The government has filed a memorandum in support of its motion, Mem. in Supp. of Mot. to Dismiss ("Gov't's Mem.") [DE-132], to which Petitioner has responded. Resp. in Opp'n to the United States' Mot. to Dismiss ("Pet'r's Resp.") [DE-133]. The court entered an order on August 24, 2012 requiring the government to file a notice indicating whether the government intends to withdraw its motion to dismiss Petitioner's § 2255 motion. [DE-134]. Accordingly, the government submitted a notice of its intent not to withdraw its motion to dismiss, Notice to Court [DE-135], to which Petitioner responded. Supp. Resp. in Opp'n to the United States' Mot.

to Dismiss & August 31 Notice ("Pet'r's Second Resp.") [DE-136, 137]. The government's motion was referred to this court and is considered here as a recommendation to the District Court. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CRIM. P. 59(b)(1)(B). For the following reasons, it is recommended that the government's motion to dismiss [DE-131] be allowed.

## I. BACKGROUND

On September 9, 2009, pursuant to a plea agreement, Petitioner entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams or more of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mem. of Plea Agreement [DE-51]. The plea agreement provided in relevant part that Petitioner agreed to "waive knowingly and expressly . . . all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea." *Id.* at 1-2 ¶ 2(c).

Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for federal sentencing purposes.[1] As such, Petitioner was designated a career offender and, thus, subject to

---

[1] According to Petitioner's Presentence Report ("PSR"), Petitioner was convicted of two counts of breaking and entering in violation of N.C. Gen. Stat. § 14-54(A) and two counts of larceny after breaking and entering in Mecklenburg County, North Carolina and speeding to elude in violation of N.C. Gen. Stat. § 20-141.5(B) in Wilson County, North Carolina, serving as predicate felonies for federal sentencing purposes. *See* PSR ¶¶ 20, 21; [DE-124-1].

2

sentence enhancement under U.S.S.G. § 4B1.1.[2] Petitioner's Presentence Investigation Report ("PSR") ¶¶ 41-49. Prior to sentencing, the government moved for a reduction in Petitioner's sentence based upon substantial assistance. [DE-69]. The court allowed the government's motion for a reduction in sentence and Petitioner was sentenced on January 5, 2010 to a term of 180 months of imprisonment on the cocaine conviction. J. in a Criminal Case at 1-2 [DE-73]. The district court further imposed a five-year term of supervised release. *Id.* at 3.[3] Petitioner did not challenge either his conviction or sentence on direct appeal to the Fourth Circuit. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 challenging his classification as a career offender for purposes of federal sentencing.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562

---

[2] Petitioner received a base offense level of 30 under the advisory United States Sentencing Guidelines. Further application of the career offender enhancement increased Petitioner's base offense level to 37. Three points were subtracted in light of his acceptance of responsibility resulting in a total offense level of 34. *See* PSR ¶¶ 41-49.

[3] The statutory provisions provide a term of imprisonment not less than 10 years and not more than life for cocaine possession and distribution. *See* PSR ¶ 51 (citing 21 U.S.C. § 841(b)(1)(A)). Additionally, a term of at least 5 years supervised release is required if a sentence of imprisonment is imposed. *See* PSR ¶ 54 (citing 21 U.S.C. § 841(b)(1)(A)). Petitioner's sentence was not in excess of these statutory maximums. J. in a Criminal Case at 1-2 [DE-73].

3

F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (internal quotation marks omitted)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

**B.     28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the

4

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks and citations omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

### III. DISCUSSION

Petitioner's sole contention is that his sentence enhancement as a career offender under U.S.S.G. § 4B1.1 was erroneous in light of *Simmons* and he seeks relief from his enhanced federal sentence. Pet'r's Mot. at 4; Pet'r's Mem. at 1; Pet'r's Resp. at 1; Pet'r's Second Resp. at 1. Petitioner argues his motion is timely under § 2255(f)(4), and in the event it is deemed untimely, that equitable tolling should apply. Pet'r's Mem. at 6-10; Pet'r's Resp. at 5. The government contends that Petitioner's motion is untimely and not subject to equitable tolling. The government argues further that Petitioner's motion is barred by the appeal waiver

5

contained in his plea agreement and that the motion asserts claims not cognizable under § 2255. Gov't's Mem. at 3, 4, 10.

## A. Timeliness of Petitioner's Motion

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(1)-(4). "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

Petitioner argues that the Fourth Circuit's decision in *Simmons* constitutes "facts supporting [his] claim" under § 2255(f)(4) which could not have been discovered with due diligence before the expiration of the time to file his motion. Pet'r's Second Resp. at 2-3. He therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, August 17, 2011, thereby making his motion, filed June 13, 2012, timely for purposes of § 2255(f)(4). *Id.* at 3. Petitioner supports his contention by citing a district court case, *Yarborough v. United States,* for the proposition that *Simmons* constitutes a fact in Petitioner's

6

case. *Yarborough*, No. 5:07-CR-270-1-F, 2012 U.S. Dist. LEXIS 65297, 2012 WL 1605579 (E.D.N.C. May 8, 2012). *Yarborough* in turn cites a Supreme Court and Fourth Circuit case for its interpretation of facts under § 2255(f)(4). *Yarborough*, 2012 U.S. Dist. LEXIS 65297, at *4-5, 2012 WL 1605579, *at 4-5 (citing *Johnson v. United States*, 544 U.S. 295, 308 (2005) & *Gadsen*, 332 F.3d at 226). *Johnson* and *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). Thus, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310.

"Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's <u>own</u> <u>case</u>." *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, at *2, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (emphasis added) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict). Here, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. Because Petitioner has pointed to no action invalidating his state convictions, the reasoning employed in *Johnson* and *Gadsen* to trigger §2255(f)(4) does not apply.

Alternatively, Petitioner argues that equitable tolling should apply to render his motion timely based on the retroactivity principles found in § 2255(f)(3). Pet'r's Mem. at 7-10. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations

7

period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues he has been pursuing his rights diligently and the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion. Pet'r's Mem. at 8-10. The basis of Petitioner's argument is his contention that the right announced by the Supreme Court in *Carachuri-Rosendo v. Holder*, __ U.S. __, 130 S. Ct. 2577 (2010), is retroactive on collateral review and that equitable tolling should apply if a petition was filed within a short time of the holding in *Simmons*. Pet'r's Mem. at 8-10.

However, the Fourth Circuit's decision in *United States v. Powell* forecloses Petitioner's argument. 691 F.3d 554 (4th Cir. 2012). There, the court ruled that *Carachuri* articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a petitioner to benefit from the one-year period of limitation under § 2255(f)(3). *Id.* at 558-59; *see also Goode*, 2012 U.S. Dist. LEXIS 142370, 2012 WL 4577244; *Porter v. United States*, Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708, 2012 WL 4017923 (E.D.N.C. Sept. 12, 2012). *Powell* explained that a rule is substantive if "it alters the range of conduct or the class of persons that the law punishes" and procedural if it "merely regulates '*the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). New

8

substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable. *Id.* Given *Powell*'s determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode*, 2012 U.S. Dist. LEXIS 142370, at *3, 2012 WL 4577244, at *1 (finding equitable tolling did not apply in light of *Powell*); *Porter*, 2012 U.S. Dist. LEXIS 129708, at *3-4, 2012 WL 4017923, at *1 (announcing the same proposition).

B.  **Effect of the Appellate Waiver contained in Petitioner's Plea Agreement**

The government also relies on Petitioner's waiver of appellate rights, including the right to contest a sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. at 3-4. Petitioner, in turn, asserts that the plea agreement and waiver of appellate rights should not be enforced because his claim under *Simmons* could not have been contemplated at the time he entered his plea agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. Pet'r's Resp. at 3-4. Within his waiver argument, Petitioner also asserts that the language of his plea agreement expressly excepts his current challenge. *Id.*

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (finding waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). An

9

appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at *11, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (internal quotation marks omitted)).

While Petitioner does not contest the validity of the plea agreement, review of the record indicates that Petitioner entered his plea in accordance with the plea agreement freely and voluntarily. [DE-47, 51]. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenge to his sentence falls outside the waiver's scope.

First, Petitioner contends that he is innocent of being a career offender, essentially contending that enforcement of his plea waiver will result in a miscarriage of justice. Pet'r's

10

Case 5:09-cr-00187-FL Document 139 Filed 12/05/12 Page 10 of 16

Resp. at 3. Petitioner's innocence claim, however, is foreclosed by the Fourth Circuit's decision in *United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010). In *Pettiford*, the Fourth Circuit held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." 612 F.3d at 284. Petitioner does not contend that he did not commit the prior offenses for which he was convicted; rather, he contests the legal classification of his predicate convictions for enhancement purposes.

Additionally, alleged errors in interpreting or applying the sentencing guidelines, such as the instant career offender enhancement, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief as stated above. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "in the absence of 'a complete miscarriage of justice,' . . . guideline claims ordinarily are not cognizable in § 2255 proceedings") (citations omitted). Indeed, as the Fourth Circuit explained, "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea." *Johnson*, 410 F.3d at 153 (citations omitted).

The only Fourth Circuit case to allow a petitioner's § 2255 sentencing error claim in spite of a valid appellate waiver is the unpublished decision of *United States v. Yancey*, No. 11-4792,

2012 U.S. App. LEXIS 2035, 2012 WL 313752 (4th Cir. Feb. 2, 2012).[4] In *Yancey*, the court held that the appellate waiver did not bar the defendant's claim that he was improperly classified as a career offender; however, the only basis provided by the court for its holding was the government's agreement at sentencing that the defendant could appeal his career offender classification. *See Yancey*, 2012 U.S. App. LEXIS 2035, at *3 n.1, 2012 WL 313752, at *1 n.1. Unlike in *Yancey*, here, the record does not reflect the government agreed at sentencing that Petitioner could appeal his career offender classification. Thus, the terms of Petitioner's plea agreement still control.

A recent line of cases in this district, all citing *Yancey*, has held that whether a defendant was properly classified as a career offender in light of *Simmons* is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See Woodard v. United States*, Nos. 5:10-CR-191-BO, 5:12-CV-106-BO, 2012 U.S. Dist. LEXIS 58626, at *7-8, 2012 WL 1438477, at *2 (E.D.N.C. Apr. 25, 2012); *Mahorn v. United States*, Nos. 5:06-CR-128-BO-1, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230, at *3-4, 2012 WL 1253051, at *1 (E.D.N.C. Apr. 13, 2012); *Mathis v. United States*, Nos. 7:09-CR-139-1BO, 7:11-CV-266-BO, 2012 U.S. Dist. LEXIS 48842, at *15, 2012 WL 1156438, at *5 (E.D.N.C. Apr. 6, 2012); *Graham v. United States*, Nos. 5:10-CR-18-BO-2, 5:12-CV-19-BO, 2012 U.S. Dist. LEXIS 46853, at *4, 2012 WL 1120018, at *1 (E.D.N.C. Apr. 3, 2012); *Farmer v. United States*, Nos. 5:02-CR-131-BO-1, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 46840, at *3, 2012 WL 1119920, at *1 (E.D.N.C. Apr. 3, 2012). The holding in each of these cases is premised on the finding that a *Simmons* claim is

---

[4] Petitioner cites *Yancey* to support his contention that his *Simmons* claim falls outside the scope of his waiver of appellate rights. Pet'r's Resp. at 3.

12

encompassed within the category of errors that fall outside the scope of post-conviction waivers because the defendant "could not have reasonably contemplated" this error when the plea agreement was executed. For the reasons stated above, however, this court understands *Yancey* differently and does not find that its holding supports a similar finding in this case.

Further, the Fourth Circuit has made clear that errors a defendant "could not have reasonably contemplated" upon entering the plea agreement, as Petitioner argues here, involve only a "narrow class of claims" such as the imposition of a sentence in excess of the statutory maximum penalty, based on a constitutionally impermissible factor such as race or in violation of the petitioner's Sixth Amendment right to counsel. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Petitioner's sentence was not above the statutory maximum nor was it based on an impermissible factor such as race or in violation of his right to counsel. In short, Petitioner's sentence simply was not in violation of the law at the time it was imposed. Additionally, as previously stated, alleged errors in interpreting or applying the sentencing guidelines, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255). Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

Next, Petitioner asserts that he "expressly reserved this [current] challenge in the language of the memorandum of the plea agreement." Pet'r's Resp. at 3. Petitioner cites the

13

Case 5:09-cr-00187-FL Document 139 Filed 12/05/12 Page 13 of 16

following language in his plea agreement as excepting his current challenge: "a sentencing in excess of the advisory guideline range." *Id.* at 4; Mem. of Plea Agreement at 1-2 ¶ 2(c). Petitioner relies on the Fourth Circuit case of *United States v. Jones*, for the proposition that "a defendant [like Petitioner] who receives a career offender enhancement at sentencing, who is not a career offender in light of *Simmons*, has been sentenced 'above the applicable [G]uideline[s]range.'" Pet'r's Resp. at 4 (quoting *Jones*, 667 F.3d 477, 486 (4th Cir. 2012)). However, there are several important factual distinctions present in *Jones* that are not present in Petitioner's case which makes *Jones* inapplicable. First, the government in *Jones* elected not to enforce the appeal waiver contained in petitioners' plea agreement and consequently, the Fourth Circuit remanded for resentencing in light of *Simmons*. *Id.* Second, the petitioners in *Jones* appealed their sentences in a direct appeal and not in a collateral attack. *Id.* at 481, 486.

Further, the *Jones* court prefaced its waiver discussion with the recognition that absent the government's abandonment of the waiver defense, the petitioners had otherwise waived their right to appeal their sentence and no appeal exceptions were applicable. *Id.* The court's qualification implicitly recognizes that the petitioners' sentences were not excessive at the time the sentences were imposed. *See id.* Thus, the exception allowing for appeal of sentences above the advisory guideline range was inapplicable, even though sentencing post-*Simmons* would produce a lower guideline range. Any recognition by the *Jones* court of a sentence being in excess of the advisory guideline range was *after* the court accepted, upon the government's abandonment of the waiver defense, that Petitioner should be resentenced in light of *Simmons*. This has not happened here.

Thus, *Jones* does not stand for the proposition that Petitioner cites. Petitioner's sentence

14

of 180 months imprisonment was not above the applicable guideline range at the time his sentence was imposed because *Simmons* was not the controlling law at the time of Petitioner's sentence. Additionally, the plea agreement language Petitioner cites relates to his direct appeal rights, not his collateral attack rights, making the alleged exception inapplicable to Petitioner's § 2255 motion. Mem. of Plea Agreement at 1-2 ¶ 2(c). Accordingly, the court finds that Petitioner's plea waiver does not except his current collateral attack.

## C.     Effect of Guideline Errors

Lastly, the government contends that Petitioner's claim is not cognizable under § 2255. Gov't's Mem. at 10. Section 2255(a) recognizes that a § 2255 motion provides relief for sentences that exceed the maximum authorized by law. 28 U.S.C. § 2255(a). However, it is generally recognized that errors in the application of the United States Sentencing Guidelines cannot be raised in a subsequent § 2255 motion since they do not constitute a miscarriage of justice absent a sentence exceeding the statutory maximum. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Mikalajunas*, 186 F.3d at 496 (holding that claims of guideline application are not cognizable under § 2255 because they fall short of a miscarriage of justice). Thus, a petitioner who has been sentenced within the statutory maximum may not seek relief under § 2255. *Jones v. United States*, Nos. 4:09-CR-81-BO, 4:12-CV-94-BO, 2012 U.S. Dist. LEXIS 136280, at *2, 2012 WL 4432675, at *1-2 (E.D.N.C. Sept. 24, 2012) (citing *Powell*, 691 F.3d at 563 (King, J., dissenting)); *Farmer v. United States*, Nos. 5:02-CR-131-BO, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 164227, at *4, 2012 WL 5835524, at *2 (E.D.N.C. Nov. 16, 2012); *Dailey v. United Sates*, Nos. 7:06-CR-36-BO, 7:12-CV-224-BO, 2012 U.S. Dist. LEXIS 161419, at *5, 2012 WL 5471156, at *2 (E.D.N.C. Nov. 9, 2012); *Jackson v. United States*, Nos.

15

3:04-CR-162-FDW-2, 3:11-CV-673-FDW, 2012 U.S. Dist. LEXIS 156006, at *9, 2012 WL 5379057, at *3 (W.D.N.C. Oct. 31, 2012).

In light of the foregoing, the court finds that Petitioner's challenge to the career offender enhancement is not cognizable under § 2255 as Petitioner did not receive a sentence that exceeds his statutory maximum. Additionally, Petitioner has not alleged any facts which make the alleged guideline calculation error result in a miscarriage of justice, thus allowing for collateral attack of his sentence. *Mikalajunas*, 186 F.3d at 496.

## IV. CONCLUSION

Based upon the foregoing, the court recommends the government's motion to dismiss [DE-131] be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 5th day of December, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge